This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**OSCAR DOMINGUEZ,**

Worker-Appellee,

**v.**                                                      **No. 33,420**

**LUCKY WELL SERVICE and**
**ZURICH NORTH AMERICA,**

Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shanon S. Riley, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellee

Hale & Dixon, P.C.
Timothy S. Hale
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Employer/Insurer appeals from the compensation order awarding Worker benefits. Employer/Insurer raised three issues on appeal: (1) whether Worker's back pain and depression were causally related to the January and March 2011 work-related accidents; (2) whether Worker is entitled to benefits where he proclaims to be retired; and (3) whether Worker's counsel's ex parte discussion with one of the health care providers prior to the hearing rose to the level of bad faith, fraud, malice, or reckless disregard for the rights of Employer/Insurer. This Court issued a calendar notice proposing to affirm. Employer/Insurer has responded by filing a memorandum in opposition, which this Court has given due consideration. Unpersuaded, we affirm.

{2}     In this Court's calendar notice, we proposed to conclude that there was adequate evidence to support the workers' compensation judge's (WCJ's) determination that Worker's back pain and depression were causally connected to his work-place accident. [CN 3] Our proposed disposition was based, in part, on the WCJ's finding that the testimony "causally relating Worker's low back pain to the work[-]related accidents . . . [was] uncontradicted." [CN 3 (citing RP 163)]

{3}     In response, Employer/Insurer asserts that the WCJ's finding that the medical testimony was uncontradicted was in error, and therefore reversal is appropriate. We disagree. The deposition testimony by Dr. Harmston that Employer/Insurer directs this

2

Court to does not contradict the testimony relied on by the WCJ. [MIO 3] Rather, Employer/Insurer directs this Court to deposition testimony where Dr. Harmston was asked whether he could relate Worker's back pain to the injury to his Achilles tendon without knowing "whether there's underlying structural pathology[.]" [MIO 3] While Dr. Harmston testified that he would not be able to, Employer/Insurer does not direct this Court to any testimony that such structural pathology existed. Moreover, we note that the WCJ found that Dr. Harmston had testified that he "really believed that the changes that [Worker] sustained with his Achilles tendon rupture could certainly account for altered gait and mechanical changes which could stress the lumbar spine." [RP 162] Thus, we conclude that Employer/Insurer has not demonstrated that the WCJ's finding that the medical testimony on this issue was uncontradicted was in error.

{4}      Similarly, Employer/Insurer argues that the testimony that the WCJ relied on to find that Worker's depression was causally related to his work-place injury was based on inconsistent findings. To the extent such inconsistencies exist, we understand Employer/Insurer to be asking this Court to reweigh the evidence on appeal, which is outside the scope of our appellate review. *See DeWitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341 ("Substantial evidence on the record as a whole is evidence demonstrating the reasonableness of an agency's

decision, and we neither reweigh the evidence nor replace the fact finder's conclusions with our own."). We therefore conclude that Employer/Insurer has failed to demonstrate that the WCJ erred in determining that Worker's back pain and depression were the result of his work-place injury.

{5}     Employer/Insurer also contends that the WCJ erred in concluding that Worker was entitled to benefits in light of his retirement. In this Court's calendar notice, we relied on *Cordova v. KSL-Union*, 2012-NMCA-083,¶ 20, 285 P.3d 686, for the proposition that a worker is "entitled to modifier-based PPD benefits despite his decision to retire before reaching MMI," and that "the mere timing of [the w]orker's retirement by itself does not prevent [the w]orker from receiving modifier-based PPD benefits." [CN 5]  In response, Employer/Insurer maintains that "[i]t has long been the law that an employee cannot avoid [NMSA 1978, Section 52-1-26(D) (1990)] by voluntary unemployment or underemployment." [MIO 5] Employer/Insurer makes no effort, however, to address this Court's reliance on *Cordova*. As a result, we conclude that Employer/Insurer has failed to meet its burden in opposing summary affirmance. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

4

{6}     Finally, Employer/Insurer maintains that opposing counsel's discussions with Dr. Esparza rose to the level of bad faith, fraud, malice, or reckless disregard for the rights of Employer/Insurer. [MIO 6] In this Court's calendar notice, we pointed out that our case law does not support a prohibition on counsel having ex parte communications with a worker's healthcare provider. [CN 6] Rather, we pointed out that *Pesch v. Boddington Lumber Co.*, 1998-NMCA-026, 124 N.M. 666, 954 P.2d 98, notes that such contact is permissible. *Id.* ¶ 10 ("We cannot condone a practice in the workers' compensation arena which would forbid or discourage attorneys from meeting with and interviewing potential witnesses, including health care providers."). To the extent Employer/Insurer contends that the ex parte communication in this case was unethical and resulted in the fabrication of Dr. Esparza's testimony [MIO 7], we note that Employer/Insurer made this argument to the WCJ by way of its proposed findings and conclusions. [RP 151, proposed F.O.F. 48 ("Dr. Esparza's opinion regarding [W]orker's back claim is not valid because he was unduly influenced by [W]orker's attorney.")] We further note that the WCJ implicitly rejected this argument by relying on Dr. Esparza's opinion. Thus, to the extent Employer/Insurer is requesting that this Court make its own finding about the allegedly influential nature of the ex parte communication based solely on Dr. Esparza's testimony that he had not formulated an impairment rating for Worker prior to his discussion with Worker's

counsel, where there is no ban on ex parte communications between counsel and healthcare providers, and where the WCJ heard all of the testimony and did not find that the communication was improper, this Court will not do so as it is outside the scope of our appellate review. *See DeWitt,* 2009-NMSC-032, ¶ 12.

**{7}** Accordingly, for these reasons and the reasons stated in this Court's notice of proposed disposition, we affirm the order of compensation.

**{8}** **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**M. MONICA ZAMORA, Judge**